**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TOMMY GARCIA BONILLA, #213-291 | : |
|    Petitioner | : |
|       v. | :    Civil Action No. DKC-06-2802 |
| KATHLEEN GREEN, et al. | : |
|    Respondents | ..o0o.. |

## MEMORANDUM

Pending is a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Tommy Garcia Bonilla, an inmate at the Eastern Correctional Institution, challenging his 1990 guilty plea in the Circuit Court for Prince George's County to two counts of first-degree murder. Counsel for respondents has moved for dismissal of the petition as time-barred and Bonilla has filed a reply in opposition. Upon review of the pleadings and applicable law, the Court determines the petition is time-barred, and will dismiss it by separate order.

**I. Procedural Background**

On August 28, 1990, Bonilla entered an ABA[1] plea to two counts of first-degree murder in the Circuit Court for Prince George's County. On February 20, 1991, the Circuit Court sentenced him to two consecutive periods of incarceration for the balance of his natural life, all but twenty years of the second life sentence suspended. Bonilla did not file an application for leave to appeal the entry of his guilty plea.[2]

---

[1] *See State v. Chertkov*, 95 Md. App. 104, 106 n.1 (1993) (the agreement, patterned after standards recommended by the American Bar Association, is a binding plea under Md. Rule 4-243(a)(6)).

[2] *See* Md. Rule 8-202(a); Md Code Ann., Cts. & Jud. Proc. Art., 12-302(e) (1994) (providing thirty days to file for an application for leave to appeal entry of a guilty plea).

On May 23, 2005, Bonilla filed a petition for post-conviction relief in the Circuit Court for Prince George's County. The Circuit Court denied the petition on March 27, 2006. On April 13, 2006, Bonilla moved for reconsideration of the denial of post-conviction relief  The Circuit Court for Prince George's County denied the motion for reconsideration on April 13, 2006. Bonilla's application for leave to appeal the denial of his petition for post-conviction relief was filed on April 21, 2006, and summarily dened by the Court of Special Appeals by unreported opinion filed on September 20, 2006. The mandate issued on October 25, 2006.  Bonilla filed the instant petition for federal habeas corpus relief on October 11, 2006.[3]

## II. Limitations Period

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in a state court. *See* 28 U.S.C. § 2244(d).[4]  This one-year period is, however, tolled or

---

[3]The petition is signed and dated October 11, 2006. For the purpose of assessing the timeliness of the petition under 28 U.S.C. §2244(d)(1)-(2), the Court deems the petition as having been delivered to prison officials for mailing on the date it was signed. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (1998) (applying the "mail-box" rule).

[4]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right

suspended while properly filed post conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F. 3d 325, 328 (4th Cir. 2000).

Equitable tolling applies in " those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. These rare instances are restricted to "extraordinary circumstances" when a petitioner presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003). A petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

### III. Analysis

Under these facts, Bonilla's judgment became final under 28 U.S.C. § 2244(d)(1)(A) on March 21, 1991, when the thirty days for filing an application for leave to appeal the entry of his guilty plea expired. This date precedes April 24, 1996, the effective date of the Antiterrorism and

---

has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could been discovered through the exercise of due diligence.

(2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Effective Death Penalty Act of 1996 ("AEDPA"), the legislation which enacted the one-year limitations into law. The provisions of AEDPA apply to cases filed after April 24, 1996, and therefore to the case at bar. *See Lindh v. Murphy*, 521 U.S. 320. 327 (1997); *Mueller v. Angelone*, 181 F. 3d 557, 565-73 (4th Cir. 1999).

A one-year grace period applies to habeas petitioners where, as here, the conviction became final prior to the date the one-year limitations period went into effect. *See Brown v. Angelone,* 150 F.3d 370, 371-76 (4th Cir. 1998); *see also Hernandez v. Caldwell*, 225 F.3d 435-40 (4th Cir. 2000) (holding that the limitations period begins to run on April 25, 1996 and expires on April 24, 1997, for convictions which became final before April 24, 1996). In this case, the one-year limitations period began to run on April 25, 1996, and there were no properly-filed state post-conviction proceedings pending between April 25, 1996, and April 24, 1997. This means the limitations period expired on April 24, 1997. Consequently, the instant petition, filed October 11, 2006, was filed more than nine years after the one-year limitations period had elapsed, and is time-barred.

Bonilla asserts equitable tolling is warranted because: 1) he does not have counsel; 2) he has limited access to legal materials in prison; 3) he must rely on other inmates to help him because he has an eighth grade education; and 4) his legal materials were lost or destroyed at the Maryland House of Correction following cell searches incident to the murder of a corrections officer in July of 2006.[5]   In regard to the assertion that lack of counsel to file a federal petition warrants equitable

---

[5]Bonilla also raises claims of ineffective assistance of trial counsel for failing to advise him on the "record of the rights that were being waived pursuant to Md. Rule 4-242" and failing to preserve his right to appeal. Bonilla also states he was denied his right to "prompt presentment of a district court commission in light of appeals decision in Williams, Facon and Hiligh."  It is not clear why Bonilla believes these alleged deficiencies delayed his federal petition.  There is no nexus between trial counsel's purported actions and filing a late federal petition.

tolling, there is no Sixth Amendment right to counsel to seek collateral relief. *See Pennsylvania v. Finely,* 481 U.S. 551, 555 (1987); *Hunt v. Nuth*, 57 F. 3d 1327, 1340 (4th Cir. 1995). To the extent Bonilla inplies that he did not understand how the statute of limitations operated in his case, lack of legal knowledge is not a basis for equitable tolling. *See United States v. Sosa.*, 364 F. 3d 507 (2004).    Next, Bonilla asserts limited access to the prison library, lost legal papers while at the Maryland House of Correction, and reliance on other inmates for help to support equitable tolling. None of these problems amounts to extraordinary circumstances that prevented Bonilla from filing on time. *See Rouse*, 339 F. 3d at 246. Misplaced documents, complaints regarding limited access to law libraries, and reliance on other inmates are not unusual, and certainly not extraordinary in the prison post-conviction context. Bonilla fails show a nexus between these conditions and his untimely petition. For example, although Bonilla argues his legal documents were destroyed or lost in 2006, he does not explain how this prevented him from filing a timely federal petition almost nine years earlier.

In sum, Bonilla proffers no basis to apply equitable tolling. Accordingly, the Court will dismiss the petition as untimely by separate order.

   2/9/2007   
Date

           /s/                              
DEBORAH K. CHASANOW
United States District Judge